# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | CASE NO. 1:09-cv-01650-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT GONZALES WITHIN THIRTY DAYS |
| v. | |
| M. CARRASCO, et al., | |
| Defendants. | (Doc. 1) |

## Screening Order

**I.     Screening Requirement**

Plaintiff Thomas Goolsby, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 17, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**II.      Plaintiff's Claims**

Plaintiff, who is housed at the California Correctional Institution ("CCI") in Tehachapi, brings this action for denial of adequate outdoor exercise, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff names Associate Warden M. Carrasco, Warden Gonzales, Deputy Warden Schulteis, Sergeant Gifford, Chief Deputy Warden Holland, Lieutenant Mayo, Assistant Warden Rousta, and Chief of the Inmate Appeals Branch N. Grannis as defendants.

**A.      Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Under some circumstances, the denial of outdoor exercise may rise to the level of cruel and unusual punishment. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). However, the right to outdoor exercise is not absolute or unyielding

to other considerations. Norwood v. Vance, 572 F.3d 626, 631-32 (9th Cir. 2009). Therefore, whether the denial of outdoor exercise constitutes a constitutional violation is dependent upon the circumstances leading to the denial. Id.

In the instant case, Plaintiff was incarcerated at CCI from January 30, 2008 to May 2008, and from February 11, 2009 through on the time of filing this action. Plaintiff states that he receives an average of 143 minutes of out-of-cell outdoor exercise every thirteen days. Plaintiff states that the 150 square foot chain link cage in which he is housed to exercise is too confining. Plaintiff states that he is unable to run and suffers from vascular problems, headaches, muscle atrophy, depression, claustrophobia and mental regression. (Doc. 1, Complaint, p.6.)

Plaintiff's allegation that Warden Gonzales is responsible for the out-of-cell exercise policy. Based on the minimal federal notice pleadings standards, Plaintiff states a cognizable claim against Defendant Gonzales for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1949; Allen, 48 F.3d at 1087. Plaintiff however, fails to state a viable Eighth Amendment claim against the remaining defendants, all of whom responded to Plaintiff's inmate grievances concerning the lack of outdoor exercise time. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

**B.    Equal Protection Claim**

Plaintiff alleges that inmates housed at the Security Housing Unit ("SHU") at CCI receive significantly less outdoor exercise time compared to inmates housed in the two other SHU facilities within CDCR, located at Pelican Bay State Prison and California State Prison - Corcoran ("CSP-Corcoran"). Plaintiff alleges discrimination.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.

City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

With the exception of Defendant Grannis, who works at the Inmate Appeals Branch in Sacramento, the Defendants each work at CCI. Plaintiff has not alleged any facts indicating that any of the named Defendants have any involvement in the out-of-cell exercise policies at Pelican Bay State Prison or at CSP- Corcoran, or that the named Defendants are responsible for the conditions of confinement for SHU inmates housed there. Inmates under the supervision of different prison officials at different prisons are not an appropriate comparator group. Plaintiff fails to state a viable equal protection claim.

///

///

### III. **Conclusion and Order**

Plaintiff's complaint states a claim against Defendant Gonzales for violation of the Eighth Amendment. However, Plaintiff fails to state a viable Equal Protection Clause claim, and fails to state any federal claims against Defendants L. L. Schulteis, M. Gifford, K. Holland, R. Mayo, C. Rousta and N. Grannis. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Gonzales, Plaintiff may so notify the Court in writing, and his other claims will be dismissed for failure to state a claim. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Gonzales.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

5

       b.    Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Gonzales; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **December 2, 2009**            **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE