# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | CASE NO. 1:09-cv-01650-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (Docs. 1, 7) |
| M. CARRASCO, et al., | |
| Defendants. | |

_____/

### Order Following Screening

Plaintiff Thomas Goolsby, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 17, 2009.  On December 3, 2009, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant Gonzales for violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants.  The Court ordered that Plaintiff either file an amended complaint curing the deficiencies identified in his complaint, or notify the Court of his willingness to proceed only against Defendant Gonzales.  On December 17, 2009, Plaintiff filed notice that he did not wish to amend and is willing to proceed only against Defendant Gonzales.  Accordingly, the Court issues the following order.

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint must contain "a short and plain statement of the claim showing that the

7    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

8    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing

10   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

11   must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

12   face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations

13   are accepted as true, legal conclusion are not.  Id. at 1949.

14   **II.    Plaintiff's Claims**

15       Plaintiff, who is housed at the California Correctional Institution ("CCI") in Tehachapi,

16   brings this action for denial of adequate outdoor exercise, in violation of the Eighth and

17   Fourteenth Amendments of the United States Constitution.  Plaintiff names Associate Warden

18   M. Carrasco, Warden Gonzales, Deputy Warden Schulteis, Sergeant Gifford, Chief Deputy

19   Warden Holland, Lieutenant Mayo, Assistant Warden Rousta, and Chief of the Inmate Appeals

20   Branch N. Grannis as defendants.

21       **A.    Eighth Amendment Claim**

22       The Eighth Amendment protects prisoners from inhumane methods of punishment and

23   from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

24   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

25   only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

26   grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9,

27   112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of

28   the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison

1   officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer

2   v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th

3   Cir. 1998).

4          The circumstances, nature, and duration of the deprivations are critical in determining

5   whether the conditions complained of are grave enough to form the basis of a viable Eighth

6   Amendment claim.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).  Under some

7   circumstances, the denial of outdoor exercise may rise to the level of cruel and unusual

8   punishment.  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995).  However, the right to outdoor

9   exercise is not absolute or unyielding to other considerations.  Norwood v. Vance, 572 F.3d 626,

10  631-32 (9th Cir. 2009). Therefore, whether the denial of outdoor exercise constitutes a

11  constitutional violation is dependent upon the circumstances leading to the denial.  Id.

12         In the instant case, Plaintiff was incarcerated at CCI from January 30, 2008 to May 2008,

13  and from February 11, 2009 through on the time of filing this action.  Plaintiff states that he

14  receives an average of 143 minutes of out-of-cell outdoor exercise every thirteen days.  Plaintiff

15  states that the 150 square foot chain link cage in which he is housed to exercise is too confining.

16  Plaintiff states that he is unable to run and suffers from vascular problems, headaches, muscle

17  atrophy, depression, claustrophobia and mental regression.  (Doc. 1, Complaint, p.6.)

18         Plaintiff's allegation that Warden Gonzales is responsible for the out-of-cell exercise

19  policy.  Based on the minimal federal notice pleadings standards, Plaintiff states a cognizable

20  claim against Defendant Gonzales for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a);

21  Iqbal, 129 S.Ct. at 1949; Allen, 48 F.3d at 1087.  Plaintiff however, fails to state a viable Eighth

22  Amendment claim against the remaining defendants, all of whom responded to Plaintiff's

23  inmate grievances concerning the lack of outdoor exercise time.  "[A prison] grievance

24  procedure is a procedural right only, it does not confer any substantive right upon the inmates."

25  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp.

26  8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

27  interest in processing of appeals because no entitlement to a specific grievance procedure);

28  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers

1   no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in

2   reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section

3   1983 action.  Buckley, 997 F.2d at 495.

4          **B.**     **Equal Protection Claim**

5          Plaintiff alleges that inmates housed at the Security Housing Unit ("SHU") at CCI receive

6   significantly less outdoor exercise time compared to inmates housed in the two other SHU

7   facilities within CDCR, located at Pelican Bay State Prison and California State Prison - Corcoran

8   ("CSP-Corcoran").  Plaintiff alleges discrimination.

9          The Equal Protection Clause requires that persons who are similarly situated be treated

10  alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal

11  protection claim may be established in two ways.   First, a plaintiff establishes an equal protection

12  claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's

13  membership in a protected class.  See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th

14  Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants'

15  actions were a result of the plaintiff's membership in a suspect class, such as race.   Thornton v.

16  City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

17         If the action in question does not involve a suspect classification, a plaintiff may establish

18  an equal protection claim by showing that similarly situated individuals were intentionally treated

19  differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v.

20  Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);

21  Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar.

22  Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection

23  claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable

24  class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3)

25  there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

26  If an equal protection claim is based upon the defendant's selective enforcement of a valid law or

27  rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive."

28  Squaw Valley,  375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th

Cir.1995).

With the exception of Defendant Grannis, who works at the Inmate Appeals Branch in Sacramento, the Defendants each work at CCI.  Plaintiff has not alleged any facts indicating that any of the named Defendants have any involvement in the out-of-cell exercise policies at Pelican Bay State Prison or at CSP- Corcoran, or that the named Defendants are responsible for the conditions of confinement for SHU inmates housed there.  Inmates under the supervision of different prison officials at different prisons are not an appropriate comparator group.  Plaintiff fails to state a viable equal protection claim.

**III.   Conclusion and Order**

Plaintiff's complaint states a claim against Defendant Gonzales for violation of the Eighth Amendment.  However, Plaintiff fails to state a viable Equal Protection Clause claim, and fails to state any federal claims against Defendants L. L. Schulteis, M. Gifford, K. Holland, R. Mayo, C. Rousta and N. Grannis.  Plaintiff was provided the opportunity to file an amended complaint curing the deficiencies identified herein, but indicated that he is willing to proceed only against Defendant Gonzales.

Based on the foregoing, it is HEREBY ORDERED that:

1.      This action proceed on Plaintiff's claims against Defendant Gonzales for violation of the Eighth Amendment;

2.      Plaintiff's Equal Protection claim is dismissed for failure to state a claim; and

3.       Defendants L. L. Schulteis, M. Gifford, K. Holland, R. Mayo, C. Rousta and N. Grannis are dismissed from this action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    January 6, 2010**              _____/s/ **Dennis L. Beck**_____
                                           UNITED STATES MAGISTRATE JUDGE