# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | CASE NO. 1:09-cv-01650-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | (Docs. 3, 15) |
| CARRASCO, et al., | |
| Defendants. | |

**Order**

**I.  Procedural History**

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 17, 2009, Plaintiff filed a document entitled "Memorandum of Points and Authorities in Support of T.R.O. And Order to Show Cause." (Doc. 3.) Because Plaintiff is proceeding pro se, the Court construes this as a motion for preliminary injunction. On January 29, 2010, Plaintiff filed a motion for an order adjudicating this motion. (Doc. 15.) On May 4, 2010, the Court ordered Defendants to respond to Plaintiff's motion. (Doc. 24.) On May 21, 2010, Defendants filed their opposition. (Doc. 25.) On June 10, 2010, Plaintiff filed his reply. (Doc. 29.)[1] The matter is submitted pursuant to Local Rule 230(l).

---

[1] As indicated in the proof of service, Plaintiff's reply was sent June 3, 2010. (Doc. 29, Reply, p. 11.) This would make Plaintiff's reply late. Local Rule 230(l). The Court will nonetheless consider Plaintiff's reply.

1

## II. Motion For Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

Plaintiff contends that he is not receiving 5 hours of outdoor exercise per week at California Correctional Institution ("CCI") in Tehachapi, California. (Doc. 3, Mot. 1-2.) Defendants contend that the motion is moot. (Opp'n 1.) Defendants submit declarations by B. Snider, litigation coordinator at CCI, and T. Steadman, associate warden at CCI. B. Snider attests that Plaintiff was moved from Unit IV B to IV A on January 31, 2010, which is significant because IV A has less Security Housing Units than IV B did. (Snider Decl. ¶¶ 3-5.) T. Steadman attests that Plaintiff is provided 10 hours of exercise. (Steadman Decl. ¶ 5.) T. Steadman also attests that there are some occasional disruptions, including cancellation of yard, due to redirection of prison staff to other work areas, but that yard is provided the next day. (Steadman Decl. ¶ 6.) Plaintiff concedes that he has received from 5 to 10 hours of yard exercise from January to March 2010. (Reply 3.) However, Plaintiff contends that he was recently moved again to general population, and has yet to receive his exercise. (Reply 3-4.)

Having considered all of the submitted documents, Plaintiff's motion for preliminary injunction is denied. Plaintiff has not demonstrated that he is likely to suffer *irreparable* harm. Based on the submitted evidence, Plaintiff has received adequate exercise from January to March 2010. As for the occasional disruptions in yard exercise, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *see Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (finding "to establish eligibility for

2

an injunction, the inmate must demonstrate the continuance of [the Eighth Amendment violation] during the remainder of the litigation and into the future."). Plaintiff has not demonstrated that the disruptions in yard exercise at this point is anything other than temporary. Thus, Plaintiff has failed to demonstrate irreparable harm in the absence of preliminary injunctive relief.

### III.     Conclusion

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed September 17, 2009, is DENIED.


IT IS SO ORDERED.

Dated:   **June 15, 2010**               /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE