1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   THOMAS GOOLSBY,                          )   CASE NO. 1:09-cv-01650 JLT (PC)
                                              )
12                        Plaintiff,          )
                                              )   ORDER   DENYING   LEAVE   TO   FILE
13              v.                            )   AMENDED COMPLAINT; ORDER DENYING
                                              )   AS MOOT REQUEST FOR SCREENING AND
14   M. CARRASCO, et al.,                     )   STAY OF DISCOVERY
                                              )
15                        Defendants.         )   (Docs. 36, 39)
     _____    )

16

17

18         Plaintiff Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  In this proceeding, he claims that

20   Defendant Gonzales violated his right against cruel and unusual punishment by failing to provide

21   adequate time outside is cell and in a sufficiently sized space.

22         Currently, before the Court is Plaintiff's motion for leave to file his first amended complaint.

23   (Doc. 36) The Court has read and considered Plaintiff's motion and his lodged first amended

24   complaint.  For the reasons discussed below, Plaintiff's motion for leave to file the First Amended

25   Complaint is **DENIED.**

26                      **BACKGROUND AND PROCEDURAL HISTORY**

27         Plaintiff initiated this litigation on September 17, 2009 by filing his complaint for damages.

28   (Doc. 1)  In the complaint, he sought to impose liability on a number of prison employees for denial

                                              1

of adequate outdoor exercise, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.  Notably, he sued the warden of the prison, Defendant Gonzales, the Associate Warden Carraso, the Chief Deputy Warden, the Deputy Warden, the Assistant Warden, the Deputy Warden and the Chief of the Inmate Appeals Branch.  (Doc. 7 at 2).  Except for Defendant Gonzales, each of the other defendants was sued based upon Plaintiff's complaint that they failed to determine his inmate appeal, based upon the inadequate outdoor exercise, unfavorably to him. (Doc. 7 at 3)

Because he is an inmate suing a government employee (28 U.S.C. § 1915A(a)), his complaint was required to be screened by the Court. On December 3, 2009, the Court issued its screening order and found that the complaint stated a cognizable cause of action against Defendant Gonzales only. (Doc. 7) The Court took pains to explain the deficiencies in his complaint.  Id.  Notably, the Court rejected a claim raised on equal protection grounds and found only that the complaint plead an Eighth Amendment violation.  Id.

The Court granted Plaintiff the option of filing an amended complaint to address the deficiencies or notifying the Court that he chose not to amend and that he would proceed only as to Defendant Gonzales.  (Doc. 7 at 5)  On December 17, 2009, Plaintiff notified the Court in writing that he chose not to amend his complaint and "of my willingness to proceed against defendant Gonzales only." (Doc. 8)  Since this time, discovery efforts have been underway for five months. (Doc. 20) The discovery cut-off is on November 20, 2010.  Id.

On September 2, 2010[1], Plaintiff filed a motion for leave to file an amended complaint. (Doc. 36) In the motion, Plaintiff provides no explanation for the need to amend, his reasons for wanting to do so now or why he waited until nine months after he reported to the Court that he did not wish to amend his complaint to file his motion to amend.

## ANALYSIS AND DISCUSSION

Under Fed.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading.  "In all other cases, a party may amend its pleading only with the opposing party's

---

[1] Indisputably, the discovery order permitted motions to amend to be filed no later than September 30, 2010. (Doc. 20 at 2)

1  written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).  Given the previous amendments, so leave

2  is required for the amended pleading.

3       The grant or denial of leave to amend a complaint is in the discretion of the court, <u>Swanson v.</u>

4  <u>United States Forest Service</u>, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be freely given when

5  justice so requires.  Fed.R.Civ.P. 15(a)(2).  "In exercising this discretion, a court must be guided by the

6  underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or

7  technicalities."  <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to

8  grant leave to amend is applied with extreme liberality.  Id.  On the other hand, there is no abuse of

9  discretion "in denying a motion to amend where the movant presents no new facts but only new theories

10 and provides no satisfactory explanation for his failure to fully develop his contentions originally."

11 Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Allen, 911 F.2d at 374.

12      There are several factors a court may consider in deciding whether to grant leave to amend a

13 complaint: (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith,

14 (4) futility of amendment, and (5) prejudice to the opposing party.  <u>Loehr v. Ventura County Cmty. Coll.</u>

15 <u>Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984); <u>Allen</u>, 911 F.2d at 373.  However, these factors are not of

16 equal weight as prejudice to the opposing party has long been held to be the most critical factor in

17 determining whether to grant leave to amend.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048,

18 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the

19 opposing party that carries the greatest weight"); <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th

20 Cir. 1990); <u>Howey v. United States</u>, 481 F.2d 1187, 1190 (9th Cir. 1973).

21      *1.  Prior amendments*

22      As noted, the Court has given Plaintiff the opportunity to amend his complaint.  However, on

23 December 17, 2009, Plaintiff affirmatively reported to the Court that he did not wish to amend his

24 complaint and chose to proceed in this action *only* as to Defendant Gonzales. (Doc. 8)  Now, he has

25 lodged a First Amended Complaint that names "T. Steadman" and "John Does [who are] unknown

26 Lieutenants I-5 at CCI State Prison." (Doc. 36)  The gist of his First Amended Complaint is the same

27 as in his original complain, though he increases the detail about some of the factual statements.  <u>Id.</u>

28 None of these facts appear to have been obtained through discovery but, instead, were within Plaintiff's

1  knowledge at the time that he refused his opportunity to amend his complaint.  However, Plaintiff

2  contends that each of these new defendants, along with Defendant Gonzales, is responsible for the policy

3  that denies him adequate outdoor exercise.  Id.

4      Because Plaintiff had these facts within his personal knowledge when he filed his complaint but

5  failed to plead them and he chose not to file an amended complaint when the Court allowed it, the Court

6  finds that this factor weighs against granting leave to file the first amended complaint.

7      *2. Undue delay*

8      In Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973), the Ninth Circuit Court of

9  Appeals observed, "The purpose of the litigation process is to vindicate meritorious claims.  Refusing,

10  solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim

11  would hinder this purpose while not promoting any other sound judicial policy."  Thus, by itself, undue

12  delay is insufficient to prevent the Court from granting leave to amend.  DCD Programs, Ltd. v.

13  Leighton, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may

14  be sufficient to deny amendment.  See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th

15  Cir. 1981) (where the Court found a delay of two years, "while not alone enough to support denial, is

16  nevertheless relevant").

17      When evaluating undue delay, the Court must consider whether "permitting an amendment

18  would ... produce an undue delay in the litigation."  Jackson, 902 F.2d at 1387.  In addition, a Court

19  should examine "whether the moving party knew or should have known the facts and theories raised by

20  the amendment in the original pleading."  Id. at 1388; see also Eminence Capital, 316 F.3d at1052.

21      Here, the discovery cut-off is just two months away.  It has been underway for more than five

22  months.  If the pleading amendment is permitted, the new complaint would need to be screened before

23  it was served and answered which would take much more than the two months left before the close of

24  discovery.  Moreover, because discovery has concerned only Gonzales thus far, discovery would need

25  to start anew.  Therefore, permitting the amendment, without doubt, would delay the litigation here.

26      Although the Court's discovery order allowed for the parties to seek the Court's permission to

27  amend their pleadings, it did not grant the *unilateral right* to amend.  Thus, Plaintiff's failure to make

28  any showing to justify his significant delay in seeking the amendment weighs against a grant of his

4

1  motion.  Moreover, the Court finds that Plaintiff, clearly, was aware of the factual statements made in

2  his First Amended Complaint at the time the Court granted him leave to file an amended complaint.

3  However, he refused this opportunity.  Thus, the Court finds that Plaintiff has unreasonably delayed in

4  seeking to file the First Amended Complaint.

5           *3.  Bad faith*

6           Plaintiff affirmatively and emphatically decided not to file an amended complaint in December

7  2009, when amendment would not have placed a burden on any party of the Court.  He is not permitted

8  to forego that opportunity and await until discovery is significantly completed to reprise the same legal

9  theories based upon, substantially, the same facts that were contained in his original complaint.  Thus,

10 the Court finds that his action related to the amended complaint, appears to be taken in bad faith for the

11 purpose of obtaining a tactical advantage.  Thus, this factor weighs against grant of the motion.

12          *4.  Futility of amendment*

13          "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin,

14 59 F.3d at 845.  Frequently, futility of amendment means that "it was not factually possible for [the]

15 plaintiff to amend the complaint so as to satisfy the standing requirement."  Allen, 911 F.2d at 373; see

16 also Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave

17 to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by

18 any amendment").  In addition, futility may be found where added claims duplicate existing claims or

19 are patently frivolous, or both.  See Bonin, 59 F.3d at 846.

20          Review of the First Amended Complaint indicates, that if it was permitted to be filed, it would

21 not survive the Court's obligation to screen it.  Plaintiff continues to plead insufficient facts to

22 demonstrate that any defendant, other than Gonzales, is responsible for the policy that Plaintiff

23 challenges.  (Doc. 36)  Moreover, the Court finds it to be implausible that prison employees, except

24 those at the highest levels, have policy-making control over the amount or quality of exercise time that

25 inmates  enjoy.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

26          In addition, Plaintiff's renewed attempt to plead an equal protection claim is insufficient.  Id.

27 As noted in the original screening order,

28          The Equal Protection Clause requires that persons who are similarly situated be treated

1    alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An
2    equal protection claim may be established in two ways. First, a plaintiff establishes an
     equal protection claim by showing that the defendant has intentionally discriminated on
3    the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los
     Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the
4    plaintiff must show that the defendants' actions were a result of the plaintiff's
     membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d
5    1158, 1167 (9th Cir. 2005).

6    If the action in question does not involve a suspect classification, a plaintiff may establish
     an equal protection claim by showing that similarly situated individuals were
7    intentionally treated differently without a rational relationship to a legitimate state
     purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio
8    School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v.
     Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v.
9    Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this
     theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class;
10   (2) the plaintiff was intentionally treated differently from others similarly situated; and
     (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528
11   U.S. at 564. If an equal protection claim is based upon the defendant's selective
     enforcement of a valid law or rule, a plaintiff must show that the selective enforcement
12   is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v.
     City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

13   (Doc. 7 at 4)

14       Here Plaintiff compares his SHU (4B SHU) to a different SHU (4A-5 Block SHU) at his place

15   of incarceration.  (Doc. 36)  Though he pleads that both SHUs are "super-max" facilities, he asserts that

16   the inmates in the 4A-5 Block SHU received more exercise time than the those in the 4B SHU.  Id.

17   Moreover, he fails to plead that the inmates in the respective SHUs, though all are classified as requiring

18   super-max confinement, all pose the same risk.  Id.  Conceivably, despite their super-max status, those

19   assigned to the 4A-5 Block are less likely to threaten the internal security of the facility during inmate

20   movements than those housed in his SHU.  Id.  This is supported by Plaintiff's allegation that inmates

21   in the 4A-5 Block SHU may be housed with a cell-mate though he never had a cell-mate while housed

22   in the 4B SHU.  In any event, once again, Plaintiff has not demonstrated that the inmates in the two

23   SHUs are similarly situated.

24       Likewise, Plaintiff has failed to plead any plausible facts to demonstrate that the inmates in his

25   SHU receive less yard time based upon an impermissible motive.  For example, he admits that the 4B

26   SHU does not have "enough cages to give all inmates there [sic] mandated yard [time]."  (Doc. 36)

27   Finally, Plaintiff admits that his correctional institute is in an "indefinite lockdown."  Id.  Thus, the

28   implication from this factual allegation, is that this heightened security status is tied to the strict

6

1   regulation of inmate movement. Given this analysis, the Court concludes that the First Amended

2   Complaint is futile

3                       *5.  Prejudice to the opposing party*

4          The most critical factor in determining whether to grant leave to amend is prejudice to the

5   opposing party. <u>Eminence Capital</u>, 316 F.3d at 1052.  The burden of showing prejudice is on the party

6   opposing an amendment to the complaint. <u>DCD Programs</u>, 833 F.2d at 187; <u>Beeck v. Aquaslide 'N'</u>

7   <u>Dive Corp.</u>, 562 F.2d 537, 540 (9th Cir. 1977).  Prejudice must be substantial to justify denial of leave

8   to amend. <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).  There is

9   a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown.

10  <u>Eminence Capital</u>, 316 F.3d at 1052.

11         Given the looming discovery deadlines, the Court concludes that these new defendants would

12  be significantly prejudiced by the amendment.  Moreover, Defendant Gonzales, who had been permitted

13  to conduct discovery only as it relates the Eighth Amendment claim, would be faced with a new claim

14  based upon a violation of equal protection.  Therefore, the Court finds that the prejudice to defendants,

15  and most specifically to Defendant Gonzales, is significant.

16                              **CONCLUSION**

17         The Court has serious concerns about Plaintiff's failure to amend his complaint when he was

18  given the opportunity by the Court ten months ago.  These concerns mount given that it appears certain

19  that Plaintiff knew the facts upon which his new claims are based at that time.  Moreover, his delay in

20  seeking amendment is significant especially in light of the fact that he seeks to bring new defendants into

21  the litigation in his first amended complaint. Given Plaintiff's failure to include these new causes of

22  action and defendants in an amended complaint nine months ago and given his undue delay, the futility

23  of the first amended complaint and the evidence that Defendant will suffer substantial prejudice if the

24  motion is granted, Plaintiff's Motion to Amend is **DENIED.**

25  ///

26  ///

27  ///

28  ///

1    Because the motion to amend is denied, Defendant Gonzales' motion for screening and to stay

2  discovery is **DENIED AS MOOT.**

3

4  IT IS SO ORDERED.

5  Dated:   **September 30, 2010**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28