1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   THOMAS GOOLSBY,                    Case No. 1:09-cv-01650 JLT (PC)

12            Plaintiff,               ORDER GRANTING IN PART AND
                                       DENYING IN PART PLAINTIFF'S MOTION
13        vs.                          TO COMPEL

14   M. CARRASCO, et al.,              (Doc. 45)

15            Defendants.

16   _____ /

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983.  This action is proceeding on Plaintiff's claim that Defendant Gonzales failed to provide him

19   adequate out-of-cell exercise time and facilities in violation of the Eighth Amendment.  Now pending

20   before the Court is Plaintiff's motion to compel, filed January 11, 2011, seeking interrogatory responses

21   and the production of documents.  Defendant has opposed the motion,[1] and Plaintiff has filed a reply.

22   For the reasons discussed below, Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED**

23   **IN PART**.

24   **I.      LEGAL STANDARDS**

25          Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

26   claim or defense. Fed. R. Civ. P. 26(b)(1).  Relevant information for the purposes of discovery is any

27   ─────────────

28        [1] Defendant filed an opposition to the pending motion to compel on January 27, 2011 (Doc. 46), and an amended opposition one day later (Doc. 47).  The Court will accept the amended opposition and will consider it for the purpose of evaluating the pending motion to compel.

1

information that is "reasonably calculated to lead to the discovery of admissible evidence." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). District courts have broad discretion in determining relevancy for discovery purposes. Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a). In turn, the responding party is obligated to respond to the interrogatories to the fullest extent possible, see Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, No. 1:04-cv-5935-AWI-SMS PC, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010).

A party may also serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). The party to whom the request is directed must respond in writing that inspection will be permitted as requested, or must state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2).

If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court "which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified." Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 U.S. Dist. LEXIS 109050, at *11 (E.D. Cal. Mar. 27, 2008). See also Randle v. Franklin, No. CV 1-08-0845-JAT, 2010 U.S. Dist. LEXIS 89905, at *5-6 (E.D. Cal. Aug. 3, 2010) (explaining the Eastern District of California's minimum standards on a motion to compel); Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, at *5-6 (E.D. Cal. Feb. 10, 2009) (noting that unless the court is informed which responses the moving party seeks to compel or on what grounds, the court cannot grant the motion to compel).

2

1   ## II.      PLAINTIFF'S MOTION TO COMPEL

2       Plaintiff seeks a court order compelling Defendant Gonzales to (1) fully answer interrogatory

3   numbers 2, 3, 5, 6, 7, 8, 9, 10, and 11;[2] (2) produce documents responsive to sixteen different requests;

4   and (3) pay the reasonable expenses incurred by Plaintiff in filing the instant motion to compel.  (Doc.

5   45, Pl's Mot. to Compel, at 1-2.)  The Court discusses each of Plaintiff's requests below.

6       ### A.      Interrogatory Responses

7           1.  Interrogatory Nos. 2, 3, and 7

8       Plaintiff seeks further responses to interrogatory numbers 2, 3, and 7 but has not explained why

9   Defendant's current responses are deficient or why Defendant's objections are baseless.  As indicated

10  above, it is Plaintiff's burden as the moving party on a motion to compel to provide the Court at least

11  some explanation as to why a particular response to a discovery request is inadequate.  See Williams v.

12  Flint, No. CIV S-06-1238 FCD GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007).  "It is not

13  enough [for Plaintiff] to generally argue that all responses are incomplete."  Id.  Accordingly, Plaintiff's

14  motion to compel further responses to interrogatory numbers 2, 3, and 7 is **DENIED**.

15          2.  Interrogatory No. 5

16  **ROG 5:** When custody staff run yard describe how inmates are escorted to yard, the yard
    "modules" themselves, how long inmates are given, and how they are returned to their
17  cells.

18  **Defendant's Response:** Objection.  This interrogatory is vague as to time, and vague and
    ambiguous as to "how," "run yard" and "inmates."  This interrogatory is also overbroad
19  to the extent that it seeks information regarding the exercise and movement of any
    inmates other than Plaintiff; to that extent, it is not reasonably calculated to lead to the
20  discovery of admissible evidence.  Without waiving said objections, Defendant responds
    as follows:
21
    Inmates [are] housed in the SHU program in a manner consistent with their individual
22  case factors.  Some inmates are assigned to Individual Exercise Modules, and some are
    assigned to exercise yard.  SHU inmates are escorted individually by a minimum of two
23  custody staff.  Some are escorted with at least one other inmate and more than two
    custody staff.  SHU inmates are always escorted while in mechanical restraints.  SHU
24  inmates are not removed from their cells until the restraints are secure, and the restraints
    are not removed until SHU inmates are securely in their cells.  The time SHU inmates
25

26      [2] In the introduction of his motion to compel, Plaintiff requests further responses to interrogatory numbers 2, 3, 6,
27  7, 8, 9, 10, and 11.  (Doc. 45 at 1.)  However, in the body of the motion of compel, Plaintiff only addresses interrogatory
    numbers 5, 6, 8, 9, 10, and 11.  (Id. at 3-7.)  Plaintiff explains in his reply that there is a discrepancy between the two sections
    of his motion because he "was unable to write out all interrogatories in time."  (Doc. 49 at 1.)  To be thorough, the Court will
28  address all the interrogatories listed by Plaintiff in the motion to compel.

1    are given for out-of-cell exercise varies with the safety and security considerations of the
2    institution, as well as inclement weather conditions and unforeseeable circumstances.

     **Defendant's Supplemental Response:**[3] The individual exercise modules consist of a
3    concrete floor approximately 12'x12', enclosed by four walls and a ceiling made of metal
     fencing, with a roof designed to provide protection from the elements.  There is a toilet
4    in each individual module, as well as a source for drinking water.

5    Defendant provided the most accurate and thorough response possible as to the time that
     inmates are provided for yard.  It is impossible for Defendant to provide exact times that
6    'inmates' have been provided "for yard."

7          The Court finds Defendant's response, notwithstanding his objections, adequate in answering

8    the interrogatory.  Defendant provided the protocol for transferring SHU inmates from their cells to the

9    exercise yard, a detailed description of an individual exercise module, and the prison's general policy

10   for exercise times.  To the extent Plaintiff seeks the *exact* times that all inmates were *ever* provided yard

11   time, the Court agrees with Defendant that the interrogatory, as currently phrased by Plaintiff, is overly

12   broad and, based thereon, irrelevant and burdensome.  Accordingly, Plaintiff's motion to compel a

13   further response to interrogatory number 5 is **DENIED**.

14                          3.   Interrogatory No. 6

15   **ROG 6:** What is the annual budget for CCI for 2008, 2009, and 2010?  Please describe
     what if any expenses paid to construct exercise facilities, when and where it happened.
16
     **Defendant's Response:** Objection.  This interrogatory is overbroad with respect to
17   "annual budget" in that it seeks information not reasonably calculated to lead to the
     discovery of admissible evidence.  This interrogatory is burdensome in that it seeks
18   comprehensive information generated by multiple agencies, some of which is not in the
     possession, custody or control of Defendant.  Without waiving said objection, Defendant
19   responds as follows: Investigation is ongoing, and further responses will be served once
     this information is obtained.
20
     **Defendant's Supplemental Response:** CCI Annual Budget for 2008: $176,386,013;
21   CCI Annual Budget for 2009: $153,744,926; CCI Annual Budget for 2010:
     $162,903,934.  In 2008, no funds were allocated to the construction of exercise facilities
22   at C.C.I. In 2009, no funds were allocated to the construction of exercise facilities at
     C.C.I.  In 2010, no funds were allocated to the construction of exercise facilities at C.C.I.
23
           The Court finds Defendant's response, notwithstanding his objections, adequate in answering
24
     the interrogatory.  Plaintiff has not explained why this response is in any way deficient in responding to
25
     the interrogatory.  Accordingly, Plaintiff's motion to compel a further response to interrogatory number
26
     6 is **DENIED**.
27

28
     _____

         [3]  In his amended opposition, Defendant provides supplemental responses for some interrogatories.

                                              4

4.  Interrogatory No. 8

**ROG 8:** List in detail every incident where an inmate assaulted or attempted to assault another inmate or correctional officer while being escorted to yard or while in a[n] I.E.M. cage?  Attach any incident report.

**Defendant's Response:** Objection.  This interrogatory is overbroad in that it seeks information pertaining to other inmates and therefore is not reasonably calculated to lead to the discovery of admissible evidence.  This interrogatory also seeks information that, if disclosed, presents a threat to the safety and security of the institution.

Plaintiff argues in his motion to compel that this information is relevant in showing that the prison's concern for institutional security when transporting Plaintiff and other inmates to the exercise yard is overblown.  Defendant, on the other hand, stands by his objection, placing particular emphasis on the fact that detailed disclosure of all the inmate assaults at the prison poses an acute threat to the safety and security of the institution.

The Court agrees with Defendant.  The interrogatory is overly broad in the sense that it does not limit its request to a specific time period or a specific housing unit.  Moreover, because the overly broad interrogatory seeks information that, if disclosed, could pose a serious threat to institutional safety and security due to its confidential nature, the Court also finds that the interrogatory is unduly burdensome.  Accordingly, for all these reasons, Plaintiff's motion to compel a further response to interrogatory number 8 is **DENIED**.

5.  Interrogatory No. 9

**ROG 9:** State the most time in any week between January 2008 to January 2010 that IEM inmates received at yard at IV B Shu?  State the same for 5 Block IV A yard?

**Defendant's response:** Objection.  This interrogatory is overbroad in that it seeks information pertaining to other inmates and therefore is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues in the pending motion that he seeks this information to show that there was a blanket policy to deny inmates housing in Block IV-B sufficient access to out-of-cell exercise.  Plaintiff also explains that he seeks to prove that inmates housed in Block IV-A received double the amount of out-of-cell exercise as the inmates housed in Block IV-B.  Defendant, on the other hand, reasserts that this information is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant notes that this is not a class action, nor is there an equal protection claim at stake.  Thus, in Defendant's view, the amount of out-of-cell exercise time afforded to other inmates is irrelevant.

1    The Court agrees with Defendant that this interrogatory is overbroad.  This action is proceeding

2  on Plaintiff's claim that he himself was not provided adequate out-of-cell exercise time and facilities.

3  The extent to which other inmates in other housing units received out-of-cell exercise is not on-point

4  with the claims asserted in this case.  Accordingly, Plaintiff's motion to compel a further response to

5  interrogatory number 9 is **DENIED**.

6        6.  Interrogatory No. 10

7    **ROG 10:** Name which prison official's [sic] have the power to cancel I.E.M. yard for any
   reason?  Please provide name, rank, address?

8

9    **Defendant's response:** Objection.  This interrogatory is overbroad as to "any reason."
   Without waiving said objection, Defendant responds as follows: Facility Administrator
   or Manager or Highest Level Supervisor, depending on the circumstances requiring

10   cancellation.

11   Plaintiff argues in the motion to compel that he was only provided the rank and not the names

12  or addresses of the officers with the power to cancel yard time.  Defendant counters in his opposition

13  that it is impossible to provide further information without Plaintiff first identifying a relevant time

14  period.

15   Defendant's objections are well-taken.  Moreover, Plaintiff has made no effort to narrow the

16  scope of his discovery request by indicating a relevant time period or housing unit.  Therefore, the

17  interrogatory as it now stands is overly broad.  Accordingly, Plaintiff's motion to compel a further

18  response to interrogatory number 10 is **DENIED**.

19        7.  Interrogatory No. 11

20   **ROG 11:**  State the name and address or otherwise locate any person who to your
   knowledge or your attorney's knowledge, claims to know, or does know about I.E.M.

21   cage yard program and its functioning from January 2008 to January 2010."

22   **Defendant's Response:** Objection.  This interrogatory is vague, ambiguous and
   overbroad as to "know about I.E.M. cage yard program" and "its functioning."  This

23   interrogatory also calls for speculation by Defendant; he does not necessarily know what
   knowledge other individuals have.  Without waiving said objections, Defendant responds

24   as follows: Inmates assigned to I.E.M. yard, custody staff assigned to I.E.M. yard search
   and escort, and any other C.C.I. staff member whose duties require him or her to "know

25   about I.E.M. cage yard program."

26   Plaintiff contends in the motion to compel that he needs the names and addresses of specific

27  individuals so that he may call them as witnesses.  Defendant counters that in light of Plaintiff's vague

28  and overbroad language, it is impossible to provide an exhaustive list of all the individuals who "know

6

1   about the I.E.M. cage yard program."

2        The Court agrees with Defendant.  The interrogatory is vague, ambiguous, overbroad, and calls

3   for speculation.  There is no reasonable way Defendant can ascertain every person who has knowledge

4   of the I.E.M. cage yard program.  Defendant's objections are therefore sustained, and Plaintiff's motion

5   to compel a further response to interrogatory number 11 is **DENIED**.

6        **B.      Production of Documents**

7             1.  Request for Production No. 1

8        **POD 1:** A roster of every inmate who was assigned to IEM cage yard at CCI state prison
         from January 2008 to January 2010, compete with their current housing location and
9        address.

10       **Defendant's Response:** Objection.  This Request seeks documents that, if disclosed,
         present a threat to the safety and security of the institution.  This Request also violates
11       the privacy rights of every inmate assigned to an IEM cage yard.  This Request also is
         overbroad in that it seeks documentation unrelated to the issues in this matter – i.e.,
12       Plaintiff's time for out-of-cell exercise – and is therefore not reasonably calculated to
         lead to the discovery of admissible evidence.  This Request is oppressive and
13       burdensome in that it requires Defendant to review literally thousands of documents from
         thousands of inmates' central files, although the only inmate involved in this case is
14       Plaintiff.

15       Plaintiff argues in his motion to compel that these inmates are witnesses to Plaintiff's yard time

16   and are relevant to Defendant's state of mind.  In his opposition, Defendant reiterates that the location

17   and program status of other inmates are private; the information is sensitive and its disclosure presents

18   a security risk in of itself; and Plaintiff's request is burdensome because it would require Defendant to

19   review the central files of every inmate incarcerated at California Correctional Institution from 2008 to

20   2010 to determine whether they were assigned to I.E.M. status for any part of that period.

21       The Court finds that Plaintiff's request is burdensome and not reasonably calculated to lead to

22   the discovery of admissible evidence.  The fact that Plaintiff believes that these inmates could serve as

23   witnesses for a vague purpose does not outweigh the burden that Defendant would be saddled with if

24   he were compelled to produce these documents.  Accordingly, Plaintiff's request for the production of

25   documents number 1 is **DENIED**.

26            2.  Request for Production No. 2

27       **POD 2:** All 128-G classification chrono's [sic] for every inmate assigned IEM cage yard
         from [J]anuary 2008 to [J]anuary 2010.  Names and CDCR #s may be redacted <u>IF</u>
28       needed."

7

**Defendant's Response:** Objection. This Request seeks documents that, if disclosed, present a threat to the safety and security of the institution. This Request also violates the privacy rights of every inmate assigned to an I.E.M. cage yard. This Request is also overbroad in that it seeks documentation unrelated to the issues in this matter–i.e., Plaintiff's time for out-of-cell exercise –and is therefore not reasonably calculated to lead to the discovery of admissible evidence. This Request is oppressive and burdensome in that it requires Defendant to review literally hundreds of documents from hundreds of inmates' central files, although the only inmate involved in the claims in this case is Plaintiff.

If redacted, the privacy objection may be mitigated, but redaction exponentially increases the oppressiveness and burdensome of this Request because not only would Defendant need to review the documents, but the additional work of redacting them would outweigh by far any probative value that Plaintiff would argue that these documents would offer.

As to Plaintiff's own 128-G documents, those are available to him through a review of his central file.

Plaintiff argues in his motion to compel that he needs this information to show that Defendant allowed inmates, who were far more dangerous than he, full I.E.M. cage yard time. However, the Court agrees with Defendant that this request is oppressive and burdensome. It appears that an inmate's yard status is determined based upon a myriad of factors including disciplinary history and custody level. Any comparison between Plaintiff and other inmates would therefore amount to mere speculation. The burden on Defendant in producing these documents, however, is very real. Accordingly, Plaintiff's request for the production of documents number 2 is **DENIED**.

### 3.  Request for Production No. 3

**POD 3:** Confidential Memorandum dated 4-6-09 used to keep me on I.E.M. cage yard at ICC on 9-30-09.

**Defendant's Response:** Objection. This Request seeks documents that, if disclosed, present a threat to the safety and security of the institution. This Request also unduly violates the privacy rights of third parties.

Plaintiff's request for production of documents number 3 is relevant as to why Plaintiff was kept on restrictive out-of-cell yard status at California Correctional Institution. Meanwhile, Defendant's vague objection based on institutional security is not persuasive. Defendant fails to detail how or why this document, which seems to control Plaintiff's assignment to an exercise yard, poses a threat to the internal security of the institution. Moreover, the objection does not demonstrate that redaction of references to security measures and third party information would not alleviate the risks to security that production of the document poses. Thus, the Court has no basis to conclude that redaction would not be

1   sufficient to alleviate any serious safety concern or that redaction would render the document entirely

2   useless.  Accordingly, Plaintiff's request for the production of documents number 3 is **GRANTED**.

3   Defendant may redact the document to remove any names or other identification information that could

4   pose a substantial threat to institutional security.

5                                        4.  Request for Production No. 4

6          **POD 4:** The complete C.C.I. Budget for years 2008, 2009, and 2010.

7          **Defendant's Response:** Objection.  This Request is vague and ambiguous as to
        "complete."  This Request seeks documents that are public record and therefore equally
8       available to Plaintiff by a Public Records Request.  The Request is also overbroad to the
        extent that it seeks documents pertaining to fact not at issue in this matter – i.e., every
9       aspect of the complete budget that does not pertain to out-of-cell exercise.  This Request
        is also oppressive and burdensome in that the budget is generated by multiple different
10      offices and/or government agencies; as such, C.C.I. is not in custody and control of any
        aspects of that budget.

11

12         Plaintiff contends in his motion to compel that he needs this information in order to show that

13  Defendant had the resources to build more I.E.M. cages.  Defendant counters that any information in the

14  budget that is relevant to this case has already been disclosed to Plaintiff in Defendant's supplemental

15  response to interrogatory number 6.  There, Defendant revealed the prison's total budget and the funds

16  allocated to the construction of new exercise facilities in 2008, 2009, and 2010.

17         The Court agrees with Defendant.  Notably, the only defendant in this case is Defendant

18  Gonzales, the warden.  Whether the CDCR could have or should have spent money in 2008, 2009 and

19  2010, is not a fact that would establish that Gonzales should be held liable to Plaintiff.  In his complaint,

20  Plaintiff does not allege that Gonzales had the authority to control how the budget is spent and, instead,

21  alleges only that he develops the policies related to the exercise yards.  (Doc. 1 at 6) Likewise, even if

22  there was a huge surplus of money during these years, this would not establish that Plaintiff has suffered

23  a constitutional injury or any element thereof.  Thus, the information sought is irrelevant.

24         On the other hand, the Court agrees that the request is overly broad.  At most, the pertinent

25  information would be the amount of budgeted funds that could have been spent in Gonzales' discretion

26  for exercise yard improvements.  Accordingly, Plaintiff's request for the production of documents

27  number 4 is **DENIED**.

28  ///

                                              9

1

     5.   Request for Production No. 5

2

**POD 5:** Every [CDCR] employee responsible for implementing, creating, or supervising I.E.M. cage yard and each persons specifically responsible.

3

4

**Defendant's Response:** Objection.  This Request is not a Request for production of documents; it is an interrogatory.  This Request is vague as to time.  It is also oppressive and burdensome because it requires review of hundreds, possibly thousands, of employment records.  This Request is also vague and ambiguous as to "implementing" and "creating" I.E.M. cage yard.  This Request also calls for information that, if disclosed, may threaten the safety and security of the institution.  Without waiving said objections, Defendant responds as follows: Facility administrators and managers are responsible [for] creating the I.E.M. program.  Facility administrators and managers are also partially responsible for implementing the I.E.M. program.  Custody staff assigned as I.E.M. Observation Officers are jointly responsible for implementation of the I.E.M. program.  Custody staff assigned as I.E.M. Observation Officers are responsible for supervision.

5

6

7

8

9

10

Plaintiff argues in the pending motion that he only received the rank, and not the names, of all

11

prison officials responsible for implementing, creating or supervising the I.E.M. cage yard.  However,

12

as Defendant points out, Plaintiff's request is not one for the production of documents.  Rather, it asks

13

Defendant to create a roster of prison officials based on certain criteria.  This is not a proper request

14

under Federal Rule of Civil Procedure 34(a).  Alexander v. F.B.I., 194 F.R.D. 305, 310 (D. D.C. 2000)

15

(explaining that a party is not required under Rule 34 to prepare new documents solely for their own

16

production).  Accordingly, Plaintiff's request for the production of documents number 5 is **DENIED**.

17

     6.   Request for Production No. 6

18

**POD 6:** A list of all C.C.I.'s construction projects, construction plans, refurbishment projects, refurbishment plans, drawn up, implemented or constructed from January 2008 to the present date.

19

20

**Defendant's Response:** Objection.  This Request seeks documents that are public record and therefore equally available to Plaintiff by a Public Records Request.  This Request is also overbroad to the extent that it seeks documents pertaining to facts not at issue in this matter – i.e., every construction project that does not pertain to out-of-cell exercise.  Furthermore, disclosure of actual construction plans may threaten the safety and security of the institution, as specifications of building materials and safety mechanisms are included, and those details would be potentially integral to escape plots.

21

22

23

24

Plaintiff argues in his motion to compel that this information is relevant to Defendant's state of

25

mind because it will show that Defendant had the ability to construct additional exercise modules but

26

chose not to.  However, assuming Plaintiff's request for documents was reasonably calculated to achieve

27

this aim and this was relevant, Plaintiff once again appears to require Defendant to *create* documents,

28

as opposed to *produce* already existing documents.  Accordingly, Plaintiff's request for the production

1    of documents number 6 is improper and is **DENIED**.

2                    7.  Request for Production No. 7

3        **POD 7:** All regulations, policys [sic] and memorandum that concerns yard policy in any
         way.
4
5        **Defendant's Response:** Objection.  This Request is vague as to time and ambiguous as
         to "that concerns yard policy in any way."  This Request is also equally available to
6        Plaintiff by review of California Code of Regulations, Title 15 and the California
         Department of Corrections and Rehabilitation Operations Manual (DOM).  This Request
7        is overbroad in that it seeks documents unrelated to the claims in this matter and is
         therefore not reasonably calculated to lead to the discovery of admissible evidence.  This
8        Request also seeks information that, if disclosed, presents a threat to the safety and
         security of the institution.

9        Plaintiff argues in his motion to compel that it is his belief that CDCR has a policy that every

10   inmate is entitled to a minimum of five hours of out-of-cell exercise per week.  Be that as it may, the

11   Court agrees with Defendant that this request is vague as to time and vague as to "that concerns yard

12   policy in any way."  The scope of this request is potentially limitless.  In the absence of any attempt to

13   narrow the scope of this discovery request, Plaintiff's request for the production of documents number

14   7 is **DENIED**.

15                   8.  Request for Production No. 8

16       **POD 8:** Each buildings [sic] (1-8 4B yard, 5 4A yard) log book of inmate movement
         from [J]anuary 2008 to [J]anuary 2010.
17
18       **Defendant's Response:** Objection.  This Request seeks information that, if disclosed,
         presents a threat to the safety and security of the institution.  This Request also
19       violates the privacy rights of third parties.  Furthermore, this Request is overbroad because it
         seeks information beyond what is at issue in this case and is therefore not reasonably
20       calculated to lead to the discovery of admissible evidence.

21       Plaintiff argues in his motion to compel and in his reply that these logbooks are *critical* to verify

22   his own records regarding how much out-of-cell exercise he was provided.  Because this information

23   is directly relevant to Plaintiff's claims and Defendant offers no argument as to why *Plaintiff's* logbook

24   should not be produced,  Plaintiff's request for the production of documents number 8 is **GRANTED**

25   **IN PART**.  Defendant shall produce the logbook containing Plaintiff's out-of-cell exercise times at the

26   California Correctional Institution from January 30, 2008 through May 23, 2008 and February 11, 2009

27   through January 20, 2010, to the extent that such documentation exists.  Any information that does not

28   concern Plaintiff's out-of-cell exercise times and which may pose a risk to institutional security may be

1 | redacted.

2 | 9. Request for Production No. 9

3 | **POD 9:** Name's [sic], rank, and address's [sic] of all custody staff that worked the
following buildings during the specific dates: 4B-1 Block [J]anuary[] 2008 to May 23,
4 | 2008; 4B-6 Block February 11, 2009 to May 30, 2009; 4B-8 Block [J]une 1st, 2009 to
[J]anuary 31st, 2010; 4A-5Block [J]anuary 2008 to January 2010.

5 |
6 | **Defendant's Response:** Objection.  This Request seeks information that, if disclosed,
presents a threat to the safety and security of the institution.  This Request is also
overbroad in that it seeks documents regarding information not at issue in this case; the
7 | identities of the officers assigned to particular buildings is not reasonably calculated to
lead to the discovery of admissible evidence.  This Request is oppressive and
8 | burdensome because it seeks approximately thirty (39) months of rosters which would
amount to between fifteen (15) and twenty (20) thousand documents.

9 |

10 | Plaintiff argues in his motion to compel that these documents are needed because he would like

11 | to call these prison officials as witnesses as to the conditions of the I.E.M. yard cages and how prison

12 | officials escorted inmates to the yard cages.  However, the Court agrees with Defendant that this request

13 | for documents is oppressive and burdensome.  Plaintiff already has information regarding these issues

14 | and therefore his need for such is minimal.  On the other hand, Defendant would be burdened with the

15 | task of determining the names of prison officials who worked certain housing units over the course of

16 | two years.   Accordingly, in the absence of any attempt to narrow the scope of this discovery request,

17 | Defendant's burden far outweighs Plaintiff's need for this information.  As such, Plaintiff's request for

18 | the production of documents number 9 is **DENIED**.

19 | 10. Request for Production No. 10

20 | **POD 10:** All documents which you have in your possession or control relating to the
following subjects: yard program, safety and security issues at C.C.I.
21 |
22 | **Defendant's Response:** Objection.  This Request is vague as to time, and it is vague and
ambiguous as to "relating to" and "safety and security."  This Request is overbroad in
23 | that nearly every operation in the institution is designed to protect the safety and security
of the institution; therefore, this request is also oppressive and burdensome.  It is also
duplicative to requests 3, 5, and 7.  Finally, documents that relate to the safety and
24 | security of the institution are often confidential and not for inmate publication, as they
may provide inmate information on which to base escape attempts, assaults or other
25 | criminal behavior.

26 | Defendant's objections are well-taken, and Plaintiff does not provide any reason for the Court

27 | to find otherwise.  Plaintiff merely states in the pending motion to compel that, "I would like this info."

28 | This is not a sufficient basis to compel production.  Accordingly, Plaintiff's request for the production

12

of documents number 10 is **DENIED**.

11. <u>Request for Production No. 12</u>

**POD 12:** Attach a full and complete copy of incident attempted murder by inmate at 4B occurring on January 25, 2008 (PSR #CCI-IVB-08-008) including documents, memorandum, electronic or paper referring to this incident in any way.

**Defendant's Response:** Objection. This request calls for confidential documentation that, if disclosed, presents a threat to the safety and security of the institution. This Request is also overbroad in that it seeks documentation that is unrelated to any claim in this case and is therefore overbroad. This Request is also ambiguous as to "in any way."

Plaintiff argues that he needs the incident report on this matter because Defendant cites this as the reason why the prison was placed under lockdown in 2008 and why Plaintiff's out-of-cell yard time was curtailed. Defendant, on the other hand, stands by his objections. In particular, Defendant stresses that the incident report at issue in this request contains substantial confidential information regarding investigations of other inmates.

The Court is at a loss to understand how Plaintiff believes these documents in their entirety would bear on whether he received sufficient yard time. Without an allegation that Gonzales manufactured reasons to lock down the prison (and Plaintiff does not so allege in his complaint), the fact that Plaintiff may believe that this incident was not sufficient to justify the prison lockdown is irrelevant. On the other hand, the *fact* that this incident occurred *is* relevant because Defendant *relies* upon it as grounds for denying Plaintiff exercise time. Plaintiff is entitled to verify that, in fact, the incident occurred.

Accordingly, Plaintiff's request for the production of documents number 12 is **GRANTED IN PART**. Defendant shall produce a copy of the January 25, 2008 Incident Report prepared by the first officer on the scene. If multiple officers were the "first" on the scene, Defendant shall produce the most complete incident report of these officers who prepared reports. Defendant may redact any information that may pose a threat to the safety and security of the institution and that information contained in the report that is related to third parties.

12. <u>Request for Production No. 13</u>

**POD 13:** Attach a full and complete copy of incident attempted murder on a correctional officer on April 3, 2008 (PSR #CCI-IVA-08-021) including all documents, records, memorandum referring to this incident in any way.

13

1    **Defendant's Response:** Objection.  This request calls for confidential documentation
     that, if disclosed, presents a threat to the safety and security of the institution.  This
2    Request is also overbroad in that it seeks documentation that is unrelated to any claim
     in this case and is therefore overbroad.  This Request is also ambiguous as to "in any
3    way."

4    Plaintiff argues that he needs the incident report on this matter because Defendant cites this as

5    the reason why the prison was placed under lockdown in 2008 and why Plaintiff's out-of-cell yard time

6    was curtailed.  Defendant, on the other hand, stands by his objections.  In particular, Defendant stresses

7    that the incident report at issue in this request contains substantial confidential information regarding

8    investigations of other inmates.

9    For the same reasons set forth as to Request for Production 12, Plaintiff's request for the

10   production of documents number 13 is **GRANTED IN PART**.  Defendant shall produce a copy of the

11   April 3, 2008 Incident Report prepared by the first officer on the scene.  If multiple officers were the

12   "first" on the scene, Defendant shall produce the most complete incident report of these officers who

13   prepared reports.  Defendant may redact any information that may pose a threat to the safety and security

14   of the institution and that information contained in the report that is related to third parties.

15           13.  Request for Production No. 14

16   **POD 14:** Attach a full and complete copy of incident death of an inmate/inmate
     possession of a weapon occuring on May 12, 2009 (PSR #CCI-IVB-09-011) at 4B SHU,
17   including all documents, records, memorandum, electronic or print referring to this
     incident in any way.
18
19   **Defendant's Response:** Objection.  This request calls for confidential documentation
     that, if disclosed, presents a threat to the safety and security of the institution.  This
20   Request is also overbroad in that it seeks documentation that is unrelated to any claim
     in this case and is therefore overbroad.  This Request is also ambiguous as to "in any
21   way."

22   Plaintiff reiterates that he needs the incident report on this matter because Defendant cites this

23   as the reason why the prison was placed under lockdown in 2009 and why Plaintiff's out-of-cell yard

24   time was curtailed.  Defendant, on the other hand, stands by his objections.  In particular, Defendant

25   stresses that the incident report at issue in this request contains substantial confidential information

26   regarding investigations of other inmates.

27   For the same reasons set forth as to Request for Production 12, Plaintiff's request for the

28   production of documents number 14 is **GRANTED IN PART**.  Defendant shall produce a copy of the

May 12, 2009 Incident Report prepared by the first officer on the scene.  If multiple officers were the "first" on the scene, Defendant shall produce the most complete incident report of these officers who prepared reports.  Defendant may redact any information that may pose a threat to the safety and security of the institution and that information contained in the report that is related to third parties.

### 14.  Request for Production No. 15

**POD 15:** Copy of every appeal filed at C.C.I. regarding "yard" from January 2008 to January 2010.  All name's [sic] and number's [sic] <u>may</u> be redacted if needed."

**Defendant's Response:** Objection.  This Request is overbroad in that it seeks documentation unrelated to claims in this case; other inmates' appeals are not at issue in this case.  This Request also seeks documentation that, if disclosed, presents a threat to the safety and security of the institution.  This Request also violates the privacy of third parties.  This Request is oppressive and burdensome in that it seeks thousands of documents.

Plaintiff argues in the pending motion that the inmate appeals are needed to show that Defendant was on notice that inmates at the California Correctional Institution were being deprived of adequate yard time.  Be that as it may, the Court agrees with Defendant that this request is oppressive.  The scope of the request is sweeping, encompassing any appeal regarding "yard" by any inmate over a span of two years.  In the absence of any effort by Plaintiff to tailor this request, the Court concludes that Plaintiff's request for the production of documents number 15 is overly burdensome and must be **DENIED**.

### 15.  Request for Production No. 17

**POD 17:** Any and all studies, projects, examinations, including mental health reports, opinions and conclusions done on the effects of confinement in the SHU on inmates.

**Defendant's Response:** Objection.  This Request is vague as to time, vague and ambiguous as to: "studies, projects, examinations, including mental health reports, opinions and conclusions;" and "the effects of confinement in the SHU on inmates."  This Request is overbroad in that it seeks documentation of "effects of confinement," which could refer to many topics other than out-of-cell exercise.  This Request also seeks information equally available to Plaintiff to the extent that it seeks documents available to the public and acceptable for inmate access.  This Request also, however, could seek documentation that, if disclosed, could present a threat to the safety and security of the institution.  This Request is oppressive and burdensome in that Defendant has no obligation to conduct Plaintiff's research for him.

Plaintiff argues in the pending motion that these documents are needed to show that Defendant knew of the detrimental health effects that the SHU has on inmates.  This, however, is questionable.  Although the CDCR may have studies on this topic, it does not necessarily follow that Defendant had any knowledge of them.  In light of the questionable relevance of these documents, the burden placed

15

1   on Defendant in producing these documents becomes all the more apparent.  Pursuant to this request,

2   Defendant would be required to produce any report the CDCR has ever generated or obtained on this

3   topic.  In the absence of any effort by Plaintiff to tailor this request, the Court concludes that Plaintiff's

4   request for the production of documents number 17 is overly burdensome and must be **DENIED**.

5                        16.  Request for Production No. 18

6   **POD 18:** The criteria used to determine whether an inmate will be given I.E.M. cage yard
    or group yard.

7

8   **Defendant's Response:** Objection.  This Request seeks documents equally available to
    Plaintiff to the extent that Title 15.  However, this Request seeks documentation that, if
9   disclosed, presents a threat to the safety and security of the institution to the extent that
    each inmate's individual case factors are the primary criteria used to determine all
    aspects of his or her program, including whether the inmate is on an I.E.M. assignment.
10  Without waiving said objections, Defendant responds as follows: Responsive document
    is attached as Exhibit 2, Title 15, section 3375.

11

12      Plaintiff argues in the pending motion that nowhere in Title 15, section 3375 is cage yard  even

13  listed.  Defendant, on the other hand, argues in his opposition that the responsive document has been

14  produced.  Defendant maintains that the criteria used by the Institutional Classification Committee to

15  determine I.E.M. status is that which is set forth in Title 15, section 3375.

16      There appears to be nothing further for Defendant to produce.  Accordingly, Plaintiff's request

17  for the production of documents number 18 is **DENIED**.

18  **C.      Request for Reasonable Expenses**

19      Plaintiff seeks $100 in reasonable expenses to cover the cost of drafting and filing the instant

20  motion to compel.  Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), when a motion to compel

21  is granted in part and denied in part, the Court may apportion the reasonable expenses for bringing the

22  motion.  The Court may also decline to apportion the expenses if it finds that the non-moving party's

23  responses or objections are substantially justified or circumstances make the award unjust.  See Fed. R.

24  Civ. P. 37(a)(5)(A).  Here, Plaintiff has not made an accounting of the $100 he now requests.  Nor is it

25  likely that Plaintiff incurred any actual expenses related to the filing of this motion, as Plaintiff is

26  indigent and proceeding in forma pauperis.  Accordingly, Plaintiff's request for reasonable expenses is

27  **DENIED**.

28  ///

III.    **CONCLUSION**

In accordance with the above, it is **HEREBY ORDERED** that Plaintiff's January 11, 2011 motion to compel (Doc. 45) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.    Plaintiff's request for further responses to interrogatory numbers 2, 3, 5, 6, 7, 8, 9, 10 and 11 is **DENIED**.

2.    Plaintiff's request for the production of documents numbers 1, 2, 4, 5, 6, 7, 9, 10, 15, 17 and 18 is **DENIED**.

3.    Plaintiff's request for the production of documents numbers 3, 8, 12, 13, and 14 are **GRANTED** to the extent indicated above in this order.  Defendant shall produce these documents within thirty (30) days of the date of this order.

4.    Plaintiff's request for reasonable expenses is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 1, 2011**                                                    _____
                                                                                          **/s/ Jennifer L. Thurston**
                                                                                          UNITED STATES MAGISTRATE JUDGE

17