IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | Case No. 1:09-cv-01650 JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND INTERROGATORY NUMBER NINE AND RENEW MOTION TO COMPEL |
| vs. | |
| M. CARRASCO, et al., | (Doc. 56) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's July 15, 2011 motion to amend interrogatory number 9 and renew his motion to compel.

## I.   BACKGROUND

On January 11, 2011, Plaintiff filed a motion to compel discovery responses. (Doc. 45.) Among other things, Plaintiff requested that Defendant Gonzales be ordered to provide a complete response to interrogatory number 9. (Id. at 6.) Interrogatory number 9 provides: "State the most time in any week between [J]anuary 2008 to [J]anuary 2010 that IEM inmates received at yard at IV B shu? State the same for 5 block IV A yard?" (Id.)

In its July 5, 2011 ruling on Plaintiff's motion to compel, the Court denied Plaintiff's request for a further response to interrogatory number 9. (See Doc. 53 at 5-6.) The Court agreed with Defendant that the interrogatory was overbroad because the amount of yard time other inmates received between

1

January 2008 and January 2010 was not on-point with Plaintiff's claim that he himself was deprived of adequate out-of-cell exercise time during that time period. (Id. at 6.)

In response, on July 15, 2011, Plaintiff filed the instant motion to amend interrogatory number 9 and to renew his motion to compel. (Doc. 56.) Plaintiff wishes to amend his interrogatory to state the following: "State the most time Plaintiff Thomas Goolsby F-19778 received out-of-cell exercise in an IEM cage in a one week time period from January 2008 to January 2010, any week in between those dates and applies to any building Plaintiff was in during the above time period." (Id. at 6.)

## II.     DISCUSSION

As an initial matter, the deadline for conducting discovery passed long ago. Pursuant to the discovery and scheduling order in this case, discovery concluded on November 30, 2010.[1] (Doc. 20.) Because Plaintiff has not shown good cause to amend the scheduling order under Federal Rule of Civil Procedure 16(b), his belated attempt to amend his discovery requests and to compel a response from Defendant must be denied. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992) (good cause to amend a scheduling order requires the moving party to demonstrate that despite its diligence it was unable to adhere to the court's deadlines).

Further, allowing Plaintiff to amend interrogatory number 9 would be superfluous. In its July 5, 2011 ruling on Plaintiff's motion to compel, the Court granted Plaintiff's request for the production of documents number 8, which seeks documents indicating the amount of out-of-cell exercise Plaintiff received during all times relevant to this action. (Doc. 53 at 11.) Any information obtained through this discovery request would encompass any information Plaintiff might obtain by amending interrogatory number 9.

///
///
///
///
///

---

[1] By order filed December 15, 2010, the Court granted Plaintiff until January 16, 2011, to file any motion to compel he wished to pursue. (Doc. 44.)

**III.    CONCLUSION**

Accordingly, for all the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's July 15, 2011 motion to amend interrogatory 9 and renew his motion to compel (Doc. 56) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 19, 2011**                                  /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE