IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>  Plaintiff,<br><br>  vs.<br><br>M. CARRASCO, et al.,<br><br>  Defendants.<br>_____/ | Case No. 1:09-cv-01650 JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 61) |

On August 1, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff argues that this case is complex and that counsel would be in a better position to research his claims

and to litigate at trial. (Doc. 61 at 1-2.) In most cases, counsel would likely be more effective in litigating a case than a prisoner. That fact does not make a case exceptional. Moreover, Plaintiff's claims are not particularly complex. Plaintiff is proceeding against a single defendant based upon clear-cut allegations that the defendant deprived Plaintiff of adequate exercise time and facilities. Over the course of this case, Plaintiff has adequately demonstrated his ability to articulate these claims.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's August 1, 2011 motion for the appointment of counsel (Doc. 61) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 4, 2011**                                  /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE