IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>vs.<br><br>M. CARRASCO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-01650 JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 70) |

On August 22, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff has previously moved this Court for appointment of counsel on August 1, 2011 (Doc. 61), which was denied on August 4, 2011. (Doc. 64) , on March 21, 2011 (Doc. 51) which was denied on March 24, 2011. (Doc. 52) and on August 12, 2010 (Doc. 34) which was denied on August 24, 2010. (Doc. 35) In addition, Plaintiff currently has on file a motion entitled "Motion for Appointment of Advisement Counsel." (Doc. 67)

Once again, the Court advises Plaintiff that he <u>does not</u> have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court <u>cannot</u> require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. In determining whether

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

As has been stated several times before, the Court does not find the required exceptional circumstances exist in this case. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not so complex that Plaintiff is unable to adequately articulate his claims. This action involves two Eighth Amendment claims against one defendant. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most complex and exceptional cases. Also, at this point the Court is unable to conclude that Plaintiff has a strong likelihood of succeeding on the merits of his claims such that counsel is warranted.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's August 22, 2011 motion for the appointment of counsel (Doc. 70) is **DENIED**.

Plaintiff is admonished that he **SHALL NOT** again file a motion for appointment of counsel unless he has good faith grounds to believe that there has been a substantive change in the litigation that would justify appointment of counsel as that process is described herein.

IT IS SO ORDERED.

Dated:   **September 14, 2011**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE