IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. CARRASCO, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-01650 JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(Doc. 62, 71) |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim that Defendant Gonzales failed to provide him adequate out-of-cell exercise time and facilities in violation of the Eighth Amendment. Now pending before the Court is Plaintiff's motion for the attendance of incarcerated witnesses at trial. (Docs. 62, 71) Defendant has opposed this motion. (Doc. 82)

I.　　Background

　　　　On July 5, 2011, the Court issued its Second Scheduling Order. (Doc. 55) This order set forth the requirements for the parties to obtain the attendance of incarcerated witnesses. As to incarcerated witnesses who agree to testify, in the motion seeking the witnesses' attendance at trial, the moving party was required to demonstrate that the witness had first hand knowledge of the events and is willing to testify. Id. at 2-3. A detailed declaration is required to demonstrate both issues. Id. The same requirements apply for incarcerated witness who have not agreed to

testify voluntarily except that the moving party is required to detail this refusal.  Id.

Plaintiff's operative motion requested the attendance of 17 incarcerated witnesses.  (Doc. 71)  Of these, the Court cannot locate five of the inmates in custody: Areallano Everardo, Richard Neff , Johnson, Thomas Williams, Michael Blondino and Tyler Farmer.  Therefore, as to these witnesses, the motion for their attendance at trial is **DENIED**.

Plaintiff identifies James Allen, Ryan Earle and David Baumgartel as witnesses with whom he shared the same exercise yard from February 11, 2009 to May 2009, from December 2009 through January 27, 2010 and from March 2008 through May 23, 2008, respectively.  As to Allen and Earle, Defendant objects that because they were not Plaintiff's cellmates, there is an insufficient showing that they have personal knowledge of the amount of yard time he received.  However, as noted above, Plaintiff attests that he and the others "went to IEM together."  (Doc. 71 at 4-6.)  Thus, this is sufficient to show that each has personal knowledge of the amount of yard time Plaintiff received.

On the other hand, Defendant objects that Plaintiff has failed to demonstrate that each has agreed to testify recently.  Defendant's objection is well taken.  In fact, at the pretrial conference, Plaintiff admitted that he had not had recent contact with many of the identified witnesses.  However, he reported to the Court that he believed that each would readily agree to testify. In any event, even if the Court presumes that the witnesses refuse to testify, the Second Scheduling Order permits the attendance of incarcerated witnesses who refuse to testify.  Therefore, as to these witnesses the motion is **GRANTED**.

Plaintiff identifies Pete Jaurigue, J. Gomez , Anthony Gonzales and Ralph Sierra as inmates who were housed in the SHU at various times while Plaintiff was housed there.  (Doc. 71 at 7) Plaintiff asserts that these witness will testify that the yard time was cancelled for illegitimate reasons and, thereby, will contradict Defendant's evidence.  Id.  Plaintiff proffers no explanation as to how these witnesses gained this information.  This is insufficient. (Doc. 55 at 2-3)  Merely concluding that the witnesses have actual knowledge does not meet the requirements of the Second Scheduling Order which required Plaintiff to demonstrate that each was an "eye- or ear-witness" to the relevant events. Id.

1    On the other hand, the representation that each of these witnesses have knowledge about
2 when the yard time was cancelled, is a closer call.  Plaintiff sufficiently demonstrates that each
3 was housed similarly to Plaintiff which gives rise to an inference that they know when he was
4 deprived of yard time because they too were deprived of yard time.  However, this is the exact
5 same evidence that will be provided by James Allen, Ryan Earle and David Baumgartel.
6 Because there is no showing that their testimony would provide anything different from these
7 other witnesses, their evidence is merely cumulative.  Therefore, as to these witnesses, the
8 motion for their attendance at trial is **DENIED**.

9    Finally, Plaintiff moves the Court for an order for the attendance at trial of inmates Lee
10 Simpson, Chuck Sherwin and Kevin Hunt.  (Doc. 71 at 6)  Plaintiff alleges that each lived on the
11 same housing unit with Plaintiff after he was released from the SHU.  Id.  He claims that they can
12 testify about his condition when he was released from the SHU and how the increased yard time
13 that he received while in general population, impacted these conditions.  Id.

14    However, as to Lee Simpson and Chuck Sherwin, Plaintiff fails to provide any
15 information about how often they saw him, how they knew what his "injuries" were or what they
16 observed such that the Court can determine whether their testimony would be admissible and
17 probative. (Doc. 55 at 2-3)  On the other hand, Kevin Hunt was Plaintiff's cell mate. (Doc. 71 at
18 6) By definition this means that Mr. Hunt was uniquely in a position to observe Plaintiff's
19 "injuries" and whatever impact the increased yard time had on them.  This raises an inference as
20 to the impact that reduced yard time had on Plaintiff and speaks to the issue of continuing
21 damages, if any.    Therefore, as to Lee Simpson and Chuck Sherwin, the motion for their
22 attendance at trial is **DENIED**.  However, as to Kevin Hunt, the motion for his attendance at trial
23 is **GRANTED**.[1]

**ORDER**

For the reasons set forth above, the Court hereby **ORDERS**:

1.    The motion for the attendance of incarcerated witnesses James Allen, Ryan Earle,

---

[1] For the same reason set forth above as to inmates Allen, Earle and Baumgartel regarding the recency of their statements regarding their willingness to testify, Defendant's objections are **OVERRULED.**

3

David Baumgartel and Kevin Hunt is **GRANTED**;

2. The motion for the attendance of all other incarcerated witnesses is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 21, 2011**              /s/ **Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE