IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M. CARRASCO, et al., ) <br> ) <br> Defendants. ) <br> _____) | CASE NO. 1:09-cv-01650 JLT (PC) <br><br> ORDER OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS TO PRETRIAL ORDER <br><br> (Doc. 90) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On September 23, 2011, Defendant filed his objections to the Court's pretrial order (Doc. 90), issued on September 19, 2011. (Doc. 79) For the reasons set forth below, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** the objections.

   A.   Undisputed Facts

In its pretrial order, the Court gathered the facts set forth by Plaintiff and those set forth by Defendant that each claimed were undisputed. Only those facts that both set forth as undisputed were included in the pretrial order. (Doc. 79 at 2-3) Nevertheless, Defendant argues that additional undisputed facts should be noted in the pretrial order. (Doc. 90 at 1-2)

In particular, Defendant objects that the pretrial order should have indicated that "Plaintiff was housed in the SHU from February 11, 2009, through September 9, 2009." (Doc. 90 at 2) However, Plaintiff contended that he "returned to the SHU at CCI on February 11, 2009 where he remained

confined until at least January 20, 2010." (Doc. 60 at 2) Though these facts are not necessarily inconsistent, they are not exactly the same. The Court, at this point, cannot determine which of these statements are correct or even if they both are. Thus, because Plaintiff has not stipulated to this fact nor admitted in his pretrial statement that it is true, Defendant's objection in this regard is **OVERRULED.**

Once again, Defendant asserts that three additional undisputed facts should have been included in the pretrial order related to modified programming at CCI which precluded exercise time. (Doc. 90 at 2-3) Not only did Plaintiff <u>not</u> agree with these additional "facts," he insisted that the stated reasons for the limitations on exercise time were, in essence, falsified. (Doc. 90 at 3, Doc. 60 at 4) The fact that Defendant claims that these facts "are not in dispute" is belied by Plaintiff's statements. Thus, the Court cannot simply adjudicate these issues at this time. Though the parties are invited to work out an agreement as to these facts to be presented to the jury as stipulated facts, at this time Defendant's objection is **OVERRULED.**

B.    Points of Law

Though Local Rule 281 requires a party to set forth the pertinent issues of law that will be or may be raised at trial, there is no requirement that the Court's pretrial order contain all of the points raised and the failure to include a particular point to law does not waive any ability of a party to raise it at trial. L. R. 283.

In an event, Defendant objects that the "points of law" related to the deference to be accorded to prison officials, qualified immunity and Eleventh Amendment immunity should be included in the pretrial order. (Doc. 90 at 3-4) Notably, though not adopting the language offered by Defendant, in the pretrial order, the Court observed,

> Toward this end, the Ninth Circuit has made clear that "prison officials have a right and a duty to take the necessary steps to reestablish order in a prison when such order is lost." <u>Norwood v. Vance</u>, 591 F.3d 1062, 1069 (9th Cir. 2010) (quoting <u>Hoptowit</u>, 682 F.2d at 1259). When a prison lockdown is initiated in response to a genuine security or safety emergency, prison officials may temporarily curtail inmates' outdoor exercise access without running afoul of the Eighth Amendment. See <u>Hayward v. Procunier</u>, 629 F.2d 599, 603 (9th Cir. 1980); <u>Spain</u>, 600 F.2d at 199 (regular outdoor exercise must be provided "unless inclement weather, unusual circumstances, or disciplinary needs ma[k]e that impossible"). "Such decisions are not to be judged with the benefit of hindsight . . . but whether prison officials reasonably believed they would be effective in stopping . . . violence." <u>Norwood</u>, 591 F.3d at 1069. **Prison officials are to be afforded "wide-ranging deference" regarding these matters. <u>Id</u>. (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979)).**

2

1  (Doc. 79 at 6) Because this point of law was included in the pretrial order, Defendant's objection is
2  **OVERRULED**.

3  On the other hand, Plaintiff is attempting to proceed against Defendant in his official capacity.
4  Obviously, this is improper and violates the Eleventh Amendment. When the Court screened this
5  complaint, it appears that the Court did not appreciate that Plaintiff sought to proceed against Defendant
6  Gonzales in his official. For his part, Defendant has not filed a motion to dismiss this claim nor sought
7  summary adjudication of this claim. As a result the Court will amend the pretrial order to include
8  language related to the Eleventh Amendment and therefore, the objection is **SUSTAINED**. Likewise,
9  the pretrial statement did not include language regarding qualified immunity. Thus, the Court will
10 amend the pretrial order to include this point of law and therefore, the objection is **SUSTAINED**

11     C.     Witnesses

12 Local Rule 281 sets forth the requirements for a pretrial statement. In particular, a party is
13 required to identify the witnesses he intends to call at trial. Local Rule 281(b)(10) reads, "A list (names
14 and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory,
15 designating those who are expert witnesses. **Only witnesses so listed will be permitted to testify at**
16 **the trial, except as may be otherwise provided in the pretrial order.**" (Emphasis added.)

17 Defendant objects that the Court, in its pretrial order, failed to list certain witnesses with the
18 additional proviso, "or his designee." (Doc. 90 at 4-5) In doing so, Defendant fails to explain how using
19 this language comports with the requirements of Local Rule 281. To the contrary, clearly it does not.
20 Had Defendant been unsure as to which of his prospective witnesses he would call, it behooved him to
21 list <u>all</u> of the potential witnesses and then choose among those at trial. Despite the clear instruction of
22 the Local Rule, Defendant chose not to take this course. Thus, his objection to the pretrial order is
23 **OVERRULED**.

24                              **ORDER**
25     Based upon the foregoing, the Court **ORDERS,**
26     1.    Defendant's objections to the pretrial order related to its failure to include points of
27           law regarding qualified and Eleventh Amendment immunities, is **SUSTAINED**;
28

2. All of Defendant's other objections are **OVERRULED**.

IT IS SO ORDERED.

Dated:  **September 27, 2011**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE