IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>    vs.<br><br>M. CARRASCO, et al.,<br><br>    Defendants. | Case No. 1:09-cv-01650 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 66)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF ADVISEMENT COUNSEL; MOTION FOR COURT ORDER TO PRODUCE UNREDACTED COPIES<br><br>(Doc. 67)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ORDER COMPLIANCE WITH COURT'S ORDER<br><br>(Doc. 68) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim that Defendant Gonzales failed to provide him adequate out-of-cell exercise time and facilities in violation of the Eighth Amendment.

Now pending before the Court are Plaintiff's motion for reconsideration, his motion for appointment of advisement counsel/motion for court order to produce unredacted copies and his motion for order compliance [sic] with court's order. (Docs. 66, 67, 68) Each of these motions relate to the Court's earlier order on Plaintiff's motion to compel and the Court's order on Plaintiff's motion to

1

1  amend his interrogatory number 9. (Docs. 53 and 57)

2  For the reasons discussed below, Plaintiff's motions are **DENIED**.

3  **I.  LEGAL STANDARDS**

4  It is a basic principle that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. *Id*. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

  A.  Background

On March 31, 2010, the Court issued its "Discovery Order Scheduling Order." (Doc. 20) That order detailed that "the deadline for the completion of all discovery, including filing motions to compel,

2

shall be 11/30/2010." Id. at 2.  On July 5, 2011, the Court issued its order (Doc. 53) granting in part and denying in part Plaintiff's motion to compel discovery.  (Doc. 45)

In particular, the Court denied Plaintiff's motion regarding Interrogatory #9 which sought information about the amount of yard time every IEM inmate, housed at "IV B" in the SHU, received for a period of two years.  (Doc. 53 at 5-6) The Court agreed with Defendant that the request was overbroad and sought information that was irrelevant to the action. Id. The Court held, "This action is proceeding on Plaintiff's claim that he himself was not provided adequate out-of-cell exercise time and facilities.  The extent to which other inmates in other housing units received out-of-cell exercise is not on-point with the claims asserted in this case." Id.  Thus, the Court denied the motion to compel.

In the same vein, the Court granted in part, Plaintiff's motion related to Request for Production #8, seeking the log book of inmate movements but only as to Plaintiff "from January 30, 2008 through May 23, 2008 and February 11, 2009 through January 20, 2010, to the extent that such documentation exists."  (Doc. 53 at 11-12)

Nevertheless, on July 15, 2011, Plaintiff moved the Court for an order allowing him to amend Interrogatory #9 to refer only to himself.  (Doc. 56)  On July 19, 2011, the Court denied the request because the deadline for conducting discovery had passed more than nine months before.  (Doc. 57 at 2) Also, the Court determined that if the information existed, Defendant's response to request for production #8 would provide sufficient information, given that it sought documents related to the amount of yard time Plaintiff received. Id.

In its order on Plaintiff's motion to compel discovery (Doc. 53) related to Production of Documents # 12, 13 and 14, Plaintiff also sought information about incidents occurring on January 25, 2008, April 3, 2008 and May 12, 2009, which Defendant claims caused yard time to be withheld.  (Doc. 53 at 13-15) As to the January 25, 2008 incident, the Court held,

> The Court is at a loss to understand how Plaintiff believes these documents in their entirety would bear on whether he received sufficient yard time. Without an allegation that Gonzales manufactured reasons to lock down the prison (and Plaintiff does not so allege in his complaint), the fact that Plaintiff may believe that this incident was not sufficient to justify the prison lockdown is irrelevant. On the other hand, the *fact* that this incident occurred *is* relevant because Defendant *relies* upon it as grounds for denying Plaintiff exercise time. Plaintiff is entitled to verify that, in fact, the incident occurred.
> Accordingly, Plaintiff's request for the production of documents number 12 is **GRANTED IN PART**. Defendant shall produce a copy of the January 25, 2008 Incident Report prepared by the first officer on the scene. If multiple officers were the "first" on

the scene, Defendant shall produce the most complete incident report of these officers who prepared reports. Defendant may redact any information that may pose a threat to the safety and security of the institution and that information contained in the report that is related to third parties.

Id. at 13. For the same reasons, Court granted the same relief as to the other two incidents. Id. at 14-15.

Finally, the Court granted Plaintiff's motion to compel discovery responding to request for production # 3. (Doc. 53 at 8-9) This request sought a confidential memo dated April 6, 2009, which, Plaintiff believed was the basis for the decision to "keep [him] on I.E.M. cage yard at ICC on 9-30-09." Id. In doing so, the Court allowed Defendant to redact the document "to remove any names or other identification information that could pose a substantial threat to institutional security." Id.

  B.  Current motions

    i.  Motion for reconsideration (Doc. 66)

Plaintiff request the Court reconsider its order denying his motion to amend his interrogatory #9. (Doc. 66) Plaintiff asserts that Defendant has attested that the documents responsive to request for production # 8 are missing and, therefore, cannot produce the log book showing how much yard time Plaintiff received during the relevant period. Id. at 2-3. Though this certainly demonstrates a change of facts, it fails to consider that the discovery period ended in November 2010. Thus, in essence, Plaintiff sought and was denied a motion to reopen discovery. The fact that Plaintiff inartfully drafted his discovery requests did not justify, and still does not justify, reopening discovery. Because Plaintiff waited to file his discovery motion until after discovery had closed, he made the decision to leave no time to allow further discovery should he learn, as he did here, that the discovery request would not provide him the information that he sought. Thus, the Court concludes that the extraordinary remedy of reconsideration is not warranted and Plaintiff's motion for reconsideration is **DENIED.**

    ii.  Motion for appointment of advisement counsel/motion for court order to produce unredacted copies (Doc. 68)

In this motion, Plaintiff complains that, though Defendant produced the April 6, 2009 memorandum that was responsive to his request for production of documents #3, Defendant redacted so much of the document that he has been unable to glean the desired information from it. (Doc. 68) Plaintiff seeks an order requiring Defendant to provide an unredacted copy of the and seeks an order

1  appointing him a lawyer for the purpose of reviewing the document. Id.

2  In response to the Court's order, on September 30, 2011, Defendant lodged an unredacted copy of the April 6, 2009 memorandum to allow the Court to conduct an in camera review. (Doc. 94) After doing so, the Court found that the document was appropriately redacted and no additional substantive information was redacted in the copy provided by Defendant to Plaintiff. Therefore, Plaintiff's motion is **DENIED**.

        iii.      Motion for order compliance [sic] with court's order  (Doc. 68)

In his final motion, Plaintiff reports that Defendant provided him copies of incident reports for the January 25, 2008, April 3, 2008 and May 12, 2009 events which Defendant claims caused yard time to be suspended for periods of time. (Doc. 68) However, Plaintiff complains that Defendant did not produce to him the Program Status Reports for the incidents. Id.

While correctly noting that his original requests for production of documents # 12, 13 and 14 referenced "PSR" incident reports, the language of the production requests did not specifically request any particular report. (Doc. 53 at 13-15) Moreover, if Plaintff sought a particular piece of information that could only be obtained from a particular report, he did not specify this in his production request nor did his motion to compel alert the Court that only a particular report would yield the desired information. (Doc. 45 at 15-16)

Importantly, the Court's order <u>did not</u> require Defendant to produce this specific report. Instead, the Court's order, as detailed above, required Defendant to produce the report of the first officer on the scene or, if more than one officer was on the scene, the most complete incident report prepared. (Doc. 53 at 13-15)  Plaintiff admits that this has been done and has provided copies of these reports. (Doc. 68 at 2) Therefore the motion for order compliance with court's order  (Doc. 68), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 3, 2011**                      /s/ Jennifer L. Thurston
                                                                                       UNITED STATES MAGISTRATE JUDGE