IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | Case No. 1:09-cv-01650 JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AMENDED OR RECONSIDERED WITNESSES |
| vs. | |
| M. CARRASCO, et al., | (Doc. 100) |
| Defendants. | |

On October 11, 2011, Plaintiff filed his motion for "amended or reconsidered witnesses." (Doc. 100). Plaintiff's motion requests the Court's reconsideration of its previous September 22, 2011 order (Doc. 83), addressing Plaintiff's motion for the attendance at trial of multiple incarcerated witnesses. (Doc. 71).

First, as Plaintiff correctly points out, the Court's order of September 22, 2011 had not previously addressed his request for the attendance of Manual Castanon. (Doc. 71, 83). After reviewing Plaintiff's motion, the Court nevertheless denies Plaintiff's request. According to Plaintiff's previous motion, Castanon was housed "at CCI IV B Housing unit 3, section B" and accompanied Plaintiff to the IEM yard. (Doc. 71 at 5). However as Plaintiff also previously explained, Kevin Hunt, (whom the Court has granted attendance at trial), was on the IEM yard for a period of over 2 years. (Doc. 71 at 6). Because Plaintiff's original motion made no showing that the testimony of Manual Castanon would provide anything different from the testimony provided

1

1   by Hunt, Castanon's attendance is DENIED.

2       Additionally, as to the Court's denial of the attendance of Chuck Sherwin and Lee Simpson,
3   Plaintiff argues that his initial motion had failed to clearly present all relevant facts as to these
4   witnesses. According to Plaintiff's initial motion Simpson and, Sherwin, along with Kevin Hunt,
5   lived on the same housing unit with Plaintiff after he was released from SHU. (Doc. 71 at 6).
6   Because Plaintiff had failed to provide any information as to how Simpson and Sherwin would have
7   personal knowledge of Plaintiff's injuries, the Court denied the Plaintiff's motion with regards to
8   Simpson and Sherwin. (Doc. 83).

9       Though not entirely clear, the instant motion appears to contend that Simpson and Sherwin
10  would be able to testify as to a different but still unspecified time frame. (Doc. 100). Significantly,
11  Plaintiff provides no explanation or justification for failing to provide all relevant known facts in his
12  initial motion. Plaintiff cannot now simply add facts which were known to him at the time of his
13  initial motion. Local Rule 230(j) (governing motions for reconsideration and requiring Plaintiff to
14  show "what new or different facts or circumstances are claimed to exist which did not exist or were
15  not shown upon such prior motion, . . ." and "why the facts or circumstances were not shown at the
16  time of the prior motion.") Additionally, even if Plaintiff had provided any such justification,
17  Plaintiff has still failed to explain how Simpson and Sherwin would have known of his injuries.

18      Finally, Plaintiff is correct that the Court has not yet issued a Writ of Habeas Corpus Ad
19  Testificandum to transport Witness Kevin Hunt, however the Court has subsequently issued the writ.

20      Accordingly, it is **HEREBY ORDERED** that Plaintiff's October 11, 2011 Motion for
21  Amended or Reconsidered Incarcerated Witness (Doc. 100) is **DENIED**.

23  IT IS SO ORDERED.

24  Dated:   **October 13, 2011**                /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE