COURTROOM/TRIAL DECORUM

MAGISTRATE JUDGE THURSTON

The purpose of these guidelines is to state, for the guidance of counsel and self-represented litigants, the basic rules concerning courtroom decorum while in trial. The requirements stated are minimal, not all-inclusive, and are intended to supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time-honored customs of experienced trial counsel.

When appearing in this Court, all counsel and self-represented litigants (and where, appropriate, all persons seated at counsel table) shall abide by the following:

1. Address all remarks to the Court, not to the opponent.

2. Avoid disparaging personal remarks or acrimony toward opposing counsel and/or parties. Remain detached from any ill-feeling between the litigants or witnesses.

3. Do not address jurors by name.

4. Do not approach the jury box. Anything the jury needs will be handled by the Courtroom Deputy Clerk.

5. Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names or nicknames.

6. Only one attorney for each party shall examine each witness on direct or cross-examination. Only the attorney who examines a witness shall state objections to questions by other counsel to that witness.

7. Only one attorney for each party shall present oral argument on motions, an opening statement, or closing argument.

8. Motions, the opening statement, or closing argument may be divided among counsel if a party has more than one trial counsel, if different subjects are addressed by counsel, and only if permission has been granted by the Court.

9. Counsel and self-represented litigants should request permission before approaching the bench or a witness.

10. Any documents or exhibits counsel or the self-represented litigant wishes to have the Court examine, should be handed to the Courtroom Deputy Clerk.

11. Any paper exhibit not previously marked for identification should first be handed to the Courtroom Deputy Clerk to be marked before it is tendered to a witness for examination or placed on a viewing screen.

12. Any exhibit offered in evidence should, at the time of such offer, be handed to the opponent unless the exhibit has been pre-marked and the opponent has been provided a copy already.

13. Exhibits should be moved into evidence after the foundation is laid at the time the exhibit is first used with a witness. <u>Do not wait until the close of the evidence to move for the admission of exhibits.</u>

14. No speaking objections. In making objections, counsel and/or the self-represented litigant should state only the legal grounds for the objection and should withhold further comment or argument, unless elaboration is requested by the Court at sidebar.

15. In examining a witness, counsel shall not repeat, comment on, or exhibit approval or disapproval of the answer given by the witness.

16. Offers of, or requests for, a stipulation should be made to opposing counsel, out of the hearing of the jury.

17. In opening statements and closing arguments to the jury, counsel shall not express their own personal knowledge or personal opinion concerning any matter in dispute.

18. Counsel and self-represented litigants shall not, in the presence of the jury, refer to any matter not in evidence.

19. Counsel and self-represented litigants shall admonish all persons seated at counsel table and parties and persons under their direction and/or control, such as witnesses and associates, friends or family members, present in the courtroom, that gestures, facial expressions, laughing, snickering, audible comments, or other manifestations of approval, disapproval or disrespect during the testimony of witnesses <u>are strictly prohibited.</u>

20. Counsel and self-represented litigants shall not, in the jury's presence, refer to any matter, witness, exhibit, or testimony that has been excluded by an order granting a motion in limine, or to which an objection was sustained, and/or motion to strike has been granted.

21. Rule 50 motions will be heard only <u>outside of the presence of the jury.</u> If, when appropriate, a party wishes to make a Rule 50 motion, the party shall alert the Court of the motion and the Court will take the motion up as soon as practicable outside of the presence of the jury.

IT IS SO ORDERED.

Dated:   **October 31, 2011**                                      **/s/ Jennifer L. Thurston**
                                                                                       UNITED STATES MAGISTRATE JUDGE